UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JACIE ELIZABETH KYGER, | ) |  |  |
|---|---|---|---|
|  | ) |  |  |
| Petitioner, | ) |  |  |
|  | ) |  |  |
| v. | ) | No. | 2:23-CV-085-TAV-CRW |
|  | ) |  |  |
| ERIC WILLIAMS, | ) |  |  |
|  | ) |  |  |
| Respondent. | ) |  |  |

## **MEMORANDUM OPINION AND ORDER**

Petitioner, an inmate in the custody of the Bureau of Prisons ("BOP") currently confined in a halfway house, filed a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 alleging that the BOP wrongly failed to credit her sentence under the First Step Act ("FSA"), even though her conviction does not disqualify her from receiving FSA credits [Doc. 1, p. 6]. Now before the Court are Respondent's (1) motion to file documents under seal [Doc. 12] and (2) motion seeking, in relevant part,[1] summary judgment on the ground that Petitioner's conviction disqualifies her from receiving the FSA credits she seeks in her petition [Doc. 11, pp. 7–9]. Petitioner has not filed a response to these motions, and her time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a). As such, Plaintiff waived

---

[1] In this motion, Respondent also seeks to dismiss the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Petitioner failed to exhaust her available administrative remedies prior to filing this action [Doc. 11, pp. 5–7]. However, as Respondent's argument based on this issue relies on evidence outside of the pleadings [*Id.*; Doc. 11-1], and the undisputed evidence demonstrates that Respondent is entitled to summary judgment because Petitioner's conviction makes her ineligible for the FSA credits she seeks in her petition, the Court will not address Respondent's argument for dismissal under Rule 12(b)(6).

any opposition to these motions. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

For good cause shown, and in light of Petitioner's lack of opposition, Respondent's motion to file documents under seal [Doc. 12] is **GRANTED**. Moreover, for the reasons set forth below, Respondent's dispositive motion [Doc. 11] will be **GRANTED in part** to the extent that the Court finds that Respondent has demonstrated that the undisputed evidence establishes that Petitioner is not entitled to the FSA credits for which she seeks relief in her petition, and Respondent is therefore entitled to judgment in his favor as a matter of law. Accordingly, this action will be **DISMISSED**.

**I.     STANDARD**

Federal courts are permitted to grant a writ of habeas corpus under § 2241 upon a determination that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient

evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

A district court cannot grant summary judgment because the adverse party did not respond but instead must, at a minimum, ensure the movant has met its burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. ANALYSIS

On January 30, 2013, Petitioner was convicted of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C) through "distribution of fentanyl" [Doc. 11-1, pp. 2, 5]. Petitioner's presentence investigation report for this conviction, which the sentencing court adopted without change, indicates that a death resulted from Petitioner's conduct underlying her conviction [*Id.* at 2][2]. The sentencing court's "Statement of Reasons" provides additional information about Petitioner's conduct underlying the conviction and the resulting death, specifically stating that Petitioner provided a fentanyl patch to a friend, "who extracted the substance and injected it, resulting in his death" [Doc. 13-1, p. 3].

In her petition, Petitioner asserts that her conviction does not disqualify her from receiving FSA sentence credits [Doc. 1, p. 6]. To support this assertion, Petitioner cites a

---

[2] While it is apparent that Respondent intended to include Petitioner's presentence investigation report in the documents he filed under seal [Doc. 11-1, p. 2], Respondent failed to include that report in his sealed filing [Doc. 13-1]. Nevertheless, as Respondent included the relevant information from this report in his other proof [Doc. 11-1, p. 2], the Court finds that this evidence is undisputed.

3

document from the "Sentencing Resource Counsel for the Federal Public and Community Defenders" that was updated in November 2019, as well as "FSA law" [*Id.* at 6, 9].

However, as Respondent correctly points out, the plain language of the FSA provides that Petitioner's conviction under 21 U.S.C. § 841(b)(1)(C) for conduct that resulted in a death renders her ineligible for FSA credits. 18 U.S.C. § 3632(d)(4)(D)(lviii). Specifically, the relevant FSA statute provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law" and lists "Section 401(a) of the Controlled Substances Act (21 U.S.C. 841), relating to manufacturing or distributing a controlled substance in the case of a conviction for an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that section for which death or serious bodily injury resulted from the use of such substance" as a conviction that renders the prisoner ineligible for FSA credits. *Id.* The Court agrees with Respondent that the plain language of this statute and Petitioner's sentencing documents establish that Petitioner is ineligible for the FSA sentence credits she seeks in her petition. And while the Court also agrees with Petitioner that the document she attached to her petition does not appear to list her conviction as one that disqualifies her from receiving FSA credits [Doc. 1, p. 9], this omission does not override the applicable FSA law.

Accordingly, Respondent is entitled to summary judgment on Petitioner's claim that the BOP wrongly failed to apply FSA credits to her sentence.

4

## III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before she may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Petitioner has not made a substantial showing that the BOP has violated her constitutional rights and reasonable jurists would not debate the Court's assessment of her claim, a COA **SHALL NOT ISSUE**.

## IV. CONCLUSION

For the reasons set forth above, Respondent's motion to file documents under seal [Doc. 12] is **GRANTED**, Respondent's motion for summary judgment [Doc. 11] will be **GRANTED**, this action will be **DISMISSED**, and a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and therefore, Petitioner will be **DENIED** leave to proceed *in forma pauperis* should she file any subsequent appeal of this decision. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE